**LIBERTY & FREEDOM LEGAL GROUP, LTD**

October 6, 2025

**VIA ECF**

Hon. Dale E. Ho
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

      Re:    *Juca et al. v. Aviles-Ramos et al.*, 25-cv-06972 (DEH) (VF)

Dear Judge Ho:

      As you may recall, the undersigned represents the Plaintiffs in the above-referenced matter, brought under, *inter alia*, the Individuals with Disabilities Education Act ("IDEA"). I am writing to provide an update to the Court on the Plaintiff-Student's pendency status, due process proceedings, and the DOE's non-compliance with earlier Orders and Defendants' counsel's misrepresentations to the Court as of today.

      Since Plaintiff filed her Due Process Complaint in the underlying administrative proceedings for the 2025–2026 school year on July 8, 2025 (*see* ECF No. 1-1), there have been no payments for the Student's pendency placement/program, and the due process hearings have continued to be extended in the face of the Plaintiff's objections. In addition, because the final administrative order was issued for the 2024-2025 school year on June 30, 2025 (*see* ECF No. 1-2), only partial payment has been made. Below is a summary of the amounts of tuition, special transportation, and nursing services currently outstanding, excluding any associated late fees, totaling more than **$684,514.00**:

| SCHOOL YEAR | TUITION OWED | TRANSPORTATION OWED | NURSING OWED |
| --- | --- | --- | --- |
| **2024-2025** | **$284,641.04** | LATE FEES | N/A |
| **2025-2026** | **$174,012.68** | **$67,921.00** | **$157,940.00** |

      For the 2024–2025 school year, the DOE "released"[1] payments of $93,644.00 in transportation fees and $251,600.00 in nursing fees on September 11, 2025, the exact date of Defendants' Memorandum of Law in Opposition to Plaintiff's motion (ECF No. 22). However,

---

[1] This date is when the DOE released the funding request through the New York City's Payee Information Portal ("PIP") to the New York City Comptroller's Office, which then takes a few business days for vendors to receive the funds.

DOE has still failed to issue any tuition payment for this Student for the 2024-2025 school year (addressed in more detail below). The DOE's failure to issue tuition, transportation, and nursing payments in a timely manner has resulted in late fees, as outlined in the respective agreements with the vendors.

In a recent decision by Judge Colleen McMahon on this specific issue of DOE's funding obligation of late fees based on a final administrative order, the Court stated: "The only remaining issue is the scope of the DOE's obligations under the SRO's January 24, 2025 decision - specifically, whether it must pay late fees and interest on transportation costs. . . . Based on the [final administrative order], the DOE **is required to reimburse for late fees and interest because the plaintiff signed a contract that obligates her to pay for those amounts**, if incurred." *Mendez et al. v. Aviles-Ramos et al.*, No. 1:25-CV-01096 (CM), at *8–12 (S.D.N.Y. Oct. 1, 2025) (Emphasis added).

Here, the underlying final administrative order was clear in stating:

> IT IS HEREBY ORDERED that the New York City Department of Education ("DOE") is to fund the cost of Student's 2024-2025 school year by direct payment of full tuition to Private School, as well as the cost for related services and special transportation and nursing services with a 1:1 travel nurse, **in accordance with their respective agreements**.

ECF No. 1-2, p. 14 (Emphasis added).

For the 2025-2026 school year, DOE has issued no pendency payments for tuition, special transportation, or nursing services, thus the Defendants have continued to grant themselves a stay of the Student's pendency rights, which are supposed to be an "automatic injunction." The Defendants' Reply MOL referenced above fails to inform the Court that the DOE contests the pendency of this Student in the underlying administrative hearings; thus, the Plaintiffs' renewed request for the Court to issue a determination on the Student's pendency placement/program and DOE's financial obligations.

In Defendants' Opposition (ECF No. 22), Defendant's counsel stated to the Court the reason the DOE has failed to issue its tuition payment obligation from the 2024–2025 school year:

> In regard to funding tuition, upon information and belief, Defendants advise that iBrain may have recently changed corporate status, and has submitted a new Taxpayer Identification Number ("TIN"). The City of New York requires a new W9 for the new TIN before any payments can be authorized. Defendant DOE is following protocols and is working with the school to resolve the TIN issue. As soon as Defendant has received the information necessary to remit the tuition payment in question, Defendant will do so. Any delay in tuition payment due to the change in TIN is due to iBrain changing their corporate status.

ECF No. 22, p. 5.

That statement in its entirety is both materially false and misleading, and counsel either knew or should have known it at the time it was submitted to the Court on September 11, 2025. The matter has been the subject of repeated and substantive email communications dating back to August 2025, between our firm and the DOE's Implementation Unit's Senior Staff, the Chief of Staff to DOE's General Counsel, and various counsel from the NYC Law Department.[2]

The TIN for iBRAIN has remained unchanged since 2022, and this information has been on file with the City of New York and has been used and relied upon by the DOE to issue and process payments through the PIP system, with more than 130 payments issued by the DOE since 2022. Upon receiving an email from the DOE's Implementation Unit on August 19, 2025, stating they had a discrepancy in their system with the TIN on file, our office responded the next day, confirming the TIN number and providing digital records from the PIP system that showed the correct W-9 was on file. On September 3, 2025, our office provided an additional W-9 to the DOE Implementation Unit for its records. On September 9, 2025, the DOE's Implementation Unit requested an updated address to reconcile with the new W-9. Our office satisfied their request within an hour.

Plaintiffs' counsel has repeatedly been in direct contact with Defendants' Assistant Corporation Counsel, Jeff Dantowitz, over the past month to inquire about their client's needs, but has received no material response. Thereafter, Plaintiffs' counsel reached out directly to Peter Farrell, the Chief of the NYC Law Department's General Litigation Division; after a phone call with Mr. Farrell today, received no material information, except that his client intends to address the matter sometime this week.

Now, it has been more than three months, 111 days, since the Plaintiff gave notice to the DOE of their intention to maintain their child at their last agreed-upon placement through their respective Ten-Day Notice on June 17, 2025, and triggered pendency upon filing the Due Process Complaint. As predicted in our preliminary injunction motion, the DOE continues its decades-long history of delaying payments to special-needs families, as well as arbitrarily determining how much they will pay, despite Congress' intention of pendency to be an automatic injunction.[3]

To illustrate the arbitrariness of DOE's "normal due course" and how it purposefully and willfully delays their financial obligations, DOE's General Counsel, Liz Vladeck, testified at a NYC Council meeting on January 30, 2025, the DOE's "normal due course" of issuing payments once a payment is authorized is the payment is made the same day or within a day. In the current matter, even though the DOE "acknowledged" its tuition payment obligations to the Court on

---

[2] The following attorneys from NYC Law Department have been included in the email chain since September 4, 2025: Jeff Dantowitz, Eric Tezler, Thomas Lindeman, Jason Imbiano, Kimberly Roc, and Daniel Perez.

[3] *See* article on *L.V. v NYC DOE*: https://www.nytimes.com/2023/07/19/nyregion/nyc-schools-special-education.html.

September 11, 2025, DOE has hidden behind a non-issue to delay its payment of tuition for the 2024-2025 school year.

Based on our extensive experience litigating the enforcement of IHOs' orders and pendency rights against the DOE, until an Article III judge issues an order declaring the Student's pendency placement/program and DOE's financial obligations associated with the pendency placement/program, DOE's "normal due course" will be to do whatever they decide, whenever it is convenient to do so. Due to this history and the lack of meaningful response from Defendants' counsel, it is impossible to expect this dispute to be resolved without further Court intervention.

Because both motions for a preliminary injunction have been fully briefed, Plaintiff respectfully requests that the Court schedule an oral argument as soon as practicable to address any outstanding questions the Court may have. Plaintiff submits that one oral argument could address both pending motions. Lastly, Plaintiff also ask that Defendants' counsel explain to the Court its previous misleading representations about why its client refuses to issue tuition payments for this Student.

Plaintiff thanks the Court for its courtesy and consideration in this matter.

Respectfully submitted,

*Nicole Lancia*

Nicole Lancia, Esq.