UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
**JHOANA JUCA,** as Parent and Natural Guardian of
K.A., and **JHOANA JUCA,** Individually,

                        Plaintiffs,

                                        **25-cv-06972**
                                        **DECLARATION**

-against-


**MELISSA AVILES-RAMOS,** in her official
Department of Education, and **The NEW YORK
CITY DEPARTMENT OF EDUCATION**,

                        Defendants.
------------------------------------------------------------------X


**DANIEL SEBBAG**, declares under 28 U.S.C. § 1746 that:

1.  I am the Chief Operating Officer for the International Academy for the Brain
    ("iBRAIN").

2.  I submit this Declaration in support of Plaintiffs' motion for a Temporary Restraining
    Order / Preliminary Injunction and/or other emergency Order seeking enforcement of
    Plaintiffs' pendency rights and to fund the students' tuition at iBRAIN.

3.  These delays are jeopardizing iBRAIN's ability to sustain operations, provide critical
    services, and fulfill our mission to support medically fragile students with disabilities.

4.  The DOE's failure to comply with their financial obligations to maintain each Student's
    pendency placement/program has resulted in substantial unpaid balances.

5.  The DOE has failed to issue any tuition payments to iBRAIN since July 12, 2025, when it
    finally made a late tuition payment for the 2024-2025 school year. The DOE has not paid
    tuition for ANY Student for the current 2025-2026 school year, which began on July 8,
    2025 – 93 days ago.

6.  In this current matter the following tuition pendency amounts are currently outstanding, not including any associated late fees: K.A. $ 177,773.72.

7.  In other current matters for the 2025-2026 school year, the following tuition pendency amounts are currently outstanding, not including any associated late fees, totaling $7,341,970.58:

> *Abreu et al. v. Aviles-Ramos et al.*, 25-cv-05499: $513,340.01
> *Mendez et al. v. Aviles-Ramos et al.*, 25-cv-05746: $177,773.72
> *Davis et al. v. Aviles-Ramos et al.*, 25-cv-07555: $511,996.00
> *Bruckauf et al. v. Aviles-Ramos et al.*, 25-cv-05679: $3,170,480.33
> *Nicholls et al. v. Aviles-Ramos et al.*, 25-cv-07569: $721,166.84
> *Zayas et al. v. Aviles-Ramos et al.*, 25-cv-07561: $725,989.00
> *Frias et al. v. Aviles-Ramos et al.*, 25-cv-05936: $163,253.68
> *Fiallos et al. v. Aviles-Ramos et al.*, 25-cv-07281: $163,253.68
> *Crespo et al. v. Aviles-Ramos et al.*, 25-cv-07563: $349,399.44
> *Moonsammy et el. v. Aviles-Ramos et al.,* 25-cv-05923: 874,791.96

8.  In addition, in this current matter, the special transportation and nursing related services remain outstanding, not including any associated late fees, total $0.00.

9.  In other current matters, the following special transportation and nursing related services pendency amounts are currently outstanding for the 2025-2026 school year, not including any associated late fees, totaling $7,399,887.55:

> *Mendez et al. v. Aviles- Ramos et al.*, 25-cv-05746: $94,829.00
> *Davis et al. v. Aviles-Ramos et al.*, 25-cv-07555: $400587.50
> *Bruckauf et al. v. Aviles-Ramos et al.,* 25-cv-05679: $2.876,391.00
> *Nicholls et al. v. Aviles-Ramos et al.,* 25-cv-07569: $795,414.00
> *Zayas et al. v. Aviles-Ramos et al.*, 25-cv-07561: $725,989.00
> *Frias et al. v. Aviles-Ramos et al.,* 25-cv-05936: $291,565.00
> *Fiallos et al. v. Aviles-Ramos et al.,* 25-cv-07281: $291,565.00
> *Crespo et al. v. Aviles-Ramos et al.,* 25-cv-07563: $343,692.00
> *Moonsammy et el. v. Aviles-Ramos et al.,* 25-cv-05923: $1,136.625

10. The total amount currently owed for all of the above referenced matters, including the instant matter, is over $17.9 million in funding for these iBRAIN students (there are significant additional funds owed beyond the amounts referenced above for this year as

well as previous years for other iBRAIN Students). This withheld amount includes essential payments for tuition, transportation, and nursing services—funds critical to ensuring that iBRAIN and the other related service providers can continue providing mandated services to its students.

11. Despite multiple attempts to escalate this matter with the DOE and seek a resolution, our outreach has gone unanswered. Our office has contacted via email and telephone, for those who we have phone numbers, the following DOE staff for months without any response: Ron Prescott, Chief of Staff, Office of General Counsel; Sha-Keya Flenory, Senior Co-Director of Compliance and Community Support and Engagement, DOE Implementation Unit ("DOE IU"); Patrick Sullivan, Senior Co-Director, DOE IU; John Panicali, CPA, Account Specialist, DOE IU; Norman Johnson, Team Lead, Payables Office, Division of Financial Operations, DOE IU; Francine Coombs, Director of Account Management, DOE IU; Katrina Wilkins, Team Lead, DOE IU.

12. The DOE has been claiming an internal accounting error in their system has been causing their delays in processing tuition payments to iBRAIN since August.

13. In fact, in the matter of *Juca et al. v. Aviles-Ramos et al.*, 25-cv-06972, the NYC Law Department attorney misrepresented to the Court in Defendants' Reply MOL (ECF No. 22), Defendant's counsel stated to the Court the reason the DOE has failed to issue its tuition payment obligation from the previous 2024–2025 school year:

> "…In regard to funding tuition, upon information and belief, Defendants advise that iBrain may have recently changed corporate status and has submitted a new Taxpayer Identification Number ("TIN"). The City of New York requires a new W9 for the new TIN before any payments can be authorized. Defendant DOE is

following protocols and is working with the school to resolve the TIN issue. As soon as Defendant has received the information necessary to remit the tuition payment in question, Defendant will do so. Any delay in tuition payment due to the change in TIN is due to iBrain changing their corporate status." (*See* ECF No. 22 at 5).

14. That statement in its entirety is both materially false and misleading, and counsel either knew or should have known it at the time it was submitted to the Court on September 11, 2025. The matter has been the subject of repeated and substantive email communications dating back to August 2025, between our office, the Plaintiffs' law firm, the DOE's Implementation Unit's Senior Staff, the Chief of Staff to the DOE's General Counsel, and various counsel from the New Yori City Department of Law.

15. The TIN for iBRAIN has remained unchanged since 2022, and this information has been on file with the City of New York and has been used and relied upon by the DOE to issue and process payments through the PIP system, with more than 130 payments issued by the DOE since 2022. Upon receiving an email from the DOE's Implementation Unit on August 19, 2025, stating they had a discrepancy in their system with the TIN on file, the Plaintiffs law office responded the next day, confirming the TIN number and providing digital records from the PIP system that showed the correct W-9 was on file. On September 3, 2025, the Plaintiffs law office provided an additional W-9 to the DOE Implementation Unit for its records. On September 9, 2025, the DOE's Implementation Unit requested an updated address to reconcile with the new W-9, which request was resolved within an hour.

16. The Office of the Special Commissioner of Investigation (SCI), the independent watchdog for the NYC DOE, has an active investigation (SCI Case #2024-10631) about the DOE's targeting of iBRAIN and its families, as well as its practice of purposefully delaying payments and obstructing services. We have provided two former NYC DOE attorneys as whistleblowers to SCI who have corroborated the practice that has been going on for years.

17. The DOE's continued practice of acting in bad faith has left iBRAIN with no other recourse but to seek the Court's intervention to compel payment.

18. These targeting actions go well beyond the contempt the DOE has shown for Judge Preska's Orders in the LV class action (1:03-cv-09917), as was articulated in the Plaintiff counsel's letter to Judge Preska: https://advocatesforchildren.org/wp-content/uploads/S.D.N.Y.-03-cv-09917.pdf.

19. Based on my experience as Chief Operating Officer, I am aware that the DOE has the ability to process and distribute payments within 24 to 48 hours when there is a clear commitment to do so. This demonstrates the delays iBRAIN is currently experiencing are neither procedural nor unavoidable but rather a result of inaction. I urge the Court to compel the DOE to process these overdue payments with the urgency they demand. Swift intervention is essential to save our program, ensure we meet payroll, and sustain the critical services we provide to our medically fragile students.

20. According to the DOE's General Counsel, Liz Vladeck, who testified at a NYC Council meeting on January 30, 2025, the DOE's "normal due course" of issuing payments once a payment is authorized is the payment is made the same day or within a day. SEE

https://citymeetings.nyc/meetings/new-york-city-council/2025-01-30-0100-pm-committee-on-education/chapter/does-current-process-for-paying-providers/

21. The continued non-payment by the DOE has placed iBRAIN in a dire financial position. As of today, the DOE owes over $14,919,631.85 to our iBRAIN families across Tuition, Transportation and Nursing services.

22. These funds are essential for maintaining our program and providing services to our students, all of whom are medically fragile and heavily dependent on individualized care.

23. Without immediate relief, iBRAIN will be unable to meet its payroll obligations due on October 15, 2025. Our monthly payroll exceeds $1,000,000, which does not account for additional operational expenses, such as rent, health insurance and other programmatic expenses. This situation threatens the continuity of education and care for our students and places the entire program at risk of collapse.

24. A failure to pay staff and cover operational costs will force iBRAIN to reduce or suspend services. This would leave these medically fragile students without the care and education they are legally entitled to and create a devastating gap in support for their families.

25. The students we serve are among the most vulnerable, requiring intensive, specialized support to meet their educational and medical needs.

26. The DOE's delays in funding have a cascading effect, not only impairing iBRAIN's financial stability but also jeopardizing the Students' access to essential services such as transportation, nursing care, and therapy.

27. The DOE's continued delay in fulfilling its legal obligations is not only a breach of their financial responsibility, but also a clear dereliction of its duty to maintain the placement and services of these students.

28. The unpredictability of DOE payments, both in terms of timing and amount, further exacerbates the financial challenges, making it impossible for iBRAIN to plan effectively or ensure the stability of its operations.

29. Immediate intervention is critical to compel the DOE to release the outstanding funds. Without these payments, iBRAIN will be forced into a financial crisis that could result in the closure of the program, displacing over 50 vulnerable students and dismantling a program that has taken years to build.

30. If the DOE makes the payments of outstanding tuition, it will avert the immediate financial crisis iBRAIN is in and prevent the closure of the school. This payment is critical to ensuring we can meet payroll, cover operational expenses, and continue providing essential services to our medically fragile students. I respectfully urge the Court to compel the DOE to fulfill its obligations without further delay.

**Dated:** October 9, 2025
New York, New York

By: /s/ Daniel Sebbag
**Dr. Daniel Sebbag**