UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JHOANA JUCA, et al.,

                Plaintiffs,

v.

MELISSA AVILES-RAMOS, et al.,

                Defendants.

25 Civ. 6972 (DEH)

**MEMORANDUM OPINION AND ORDER**

DALE E. HO, United States District Judge:

    Plaintiff Jhoana Juca is the parent and natural guardian of K.A., a student with disabilities who is currently enrolled at the International Institute for the Brain ("iBRAIN").  On August 22, 2025, Plaintiff filed the Complaint, pursuant to the Individuals with Disabilities Education Act ("IDEA"), seeking an order, *inter alia*, compelling the New York City Department of Education (the "DOE") and its Chancellor, Melissa Aviles-Ramos (collectively, "Defendants") to fund the cost of K.A.'s placement at iBRAIN for the 2024-2025 school year.  Compl. at 22, ECF No. 1.  On August 28, 2025, Plaintiff filed an emergency motion for a temporary restraining order ("TRO"), ECF No. 8, and a motion for a preliminary injunction, ECF No. 12.  Defendants responded on September 11, *see* ECF Nos. 21 and 22, and Plaintiff filed a reply ("Pl.'s Reply") on September 15, *see* ECF No. 23.

    In the TRO motion, Plaintiff seeks an order requiring Defendants "to comply with the federal and state compliance deadlines . . ." or "in the alternative, holding that the failure to both hold a Resolution Meeting and to conduct a timely Due Process Hearing is a *per se* denial of a [free appropriate public education, or] FAPE."  Pl.'s Mem. Supp. Mot. TRO ("Pl.'s TRO Mem.") at 11-12, ECF No. 9.  In the Preliminary Injunction motion, Plaintiff seeks an order requiring Defendants to immediately fund K.A.'s placement at iBRAIN for the 2024-2025 school year,

including tuition and special transportation services, and "to fully fund tuition, transportation and, for some, nursing services for K.A. for the 2025-2026 school year, including any outstanding or future, disputed amount attributed to any Late Fees associated with untimely payments or withholding of funding by DOE, in accordance with the tuition, transportation and nursing service agreements," Pl.'s Mem. Supp. Mot. Prelim. Inj. ("Pl.'s PI Mem.") at 23-24, ECF No. 13. For the reasons explained below, the motions for a TRO and preliminary injunction are **DENIED**.

### A. TRO Motion

With respect to the TRO Motion, Defendants raise numerous arguments, including that Plaintiff seeks improper relief against a non-party, that the underlying administrative procedures comply with the statutory timeline, and that Plaintiff has failed to exhaust administrative remedies. *See* Defs.' Mem. Opp. TRO ("TRO Opp.") at 8-14, ECF No. 21. But even assuming that those arguments are incorrect, Plaintiff's request for a TRO still fails for failure to establish irreparable harm. Defendants aver that, even if the statutory timelines have not been strictly adhered to in K.A.'s case, a TRO is unwarranted because there is no indication that K.A. will suffer any irreparable harm as a result. *See id.* at 15. Plaintiff responds that "the denial of a FAPE, even for a limited period, constitutes irreparable harm that cannot be adequately remedied by monetary compensation." Pl.'s Reply at 7. But there is no indication that K.A. is at risk of losing their placement at iBRAIN or otherwise being denied a FAPE. Accordingly, because Plaintiff has failed to establish irreparable injury warranting the issuance of a TRO, the request is denied.

### B. Preliminary Injunction Motion

With respect to the Preliminary Injunction Motion, Plaintiff argues that the IDEA's "stay-put" provision "acts as an automatic preliminary injunction" that entitles them to the relief requested, *i.e.*, immediate funding for tuition and transportation. Pl.'s PI Mem. at 12. But as the Second Circuit has squarely rejected that argument, holding:

2

> The IDEA's stay-put provision entitles families to automatic relief with respect to educational placement but not with respect to payments. Parents seeking educational payments may still be entitled to automatic injunctive relief if they can show that a delay or failure to pay has threatened their child's placement. But absent such a showing, the IDEA does not compel the state to accelerate its disbursement of funds.

*Mendez v. Banks*, 65 F.4th 56, 59 (2d Cir. 2023), *cert. denied*, 144 S. Ct. 559 (2024).[1] Plaintiff's failure to acknowledge the Second Circuit's holding is baffling given that Plaintiff's counsel was counsel for plaintiffs in that case, who also sought immediate funding for their pendency placements at iBRAIN. *See id.* at 58. And this Court has previously rejected the same argument. *See Mondano v. Banks*, 24 Civ. 8241, Mem. Op. and Order, July 17, 2025, at 2, ECF No. 59.[2] Because Plaintiff has not shown that any delay in payment has threatened K.A.'s placement at iBRAIN, Plaintiff's automatic injunction argument fails.

The Court therefore turns to the traditional preliminary factors. To obtain a preliminary injunction, plaintiffs must show (1) "a likelihood of success on the merits or sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the plaintiffs' favor," (2) "that they are likely to suffer irreparable injury in the absence of an injunction," (3) "that the balance of hardships tips in their favor," and (4) "that the public interest would not be disserved by the issuance of a preliminary injunction." *Mendez* at 63-64. "A showing of probable irreparable harm is the single most important prerequisite for the

---

[1] All references to Rules are to the Federal Rules of Civil Procedure. In all quotations from cases, the Court omits citations, alterations, emphases, internal quotation marks, and ellipses, unless otherwise indicated.

[2] The Court notes that Plaintiff's counsel remains free to raise arguments that this Court and/or the Second Circuit have rejected for purposes of preserving them for appeal. But the failure to acknowledge authority from the Circuit or this Court that is directly contrary to Plaintiff's position is inconsistent with the Duty of Candor Toward the Tribunal. *See* ABA Model Rule of Professional Conduct 3.3. Continued failure by counsel to adhere to that duty may result in sanctions.

issuance of a preliminary injunction." *Ogunleye v. Banks*, No. 23 Civ. 9092, 2025 WL 1078301, at *1 (S.D.N.Y. Mar. 27, 2025) (quoting *Reuters Ltd. v. United Press Int'l*, 903 F.2d 904, 907 (2d Cir. 1990)). "Irreparable harm is an injury that is not remote or speculative but actual and imminent, and for which a monetary award cannot be adequate compensation." *Tom Doherty Assocs., Inc. v. Saban Ent., Inc.*, 60 F.3d 27, 37 (2d Cir. 1995).

Here, no such showing has been made. Plaintiff has made no showing that schooling or related services for K.A. are at risk, or will be, absent an order from this Court. Rather than present any evidence tending to show that K.A.'s continued enrollment at iBRAIN has been jeopardized by Defendants' alleged nonpayment, Plaintiff offers only the conclusory argument that "[f]ailing to fund K.A.'s placement at iBRAIN here has placed K.A.'s continued placement at iBRAIN at risk." Pl.'s PI Mem. at 8. That assertion is too conclusory to support a finding of irreparable harm.

"Because this dispute is about educational *funding*—not educational *placements*—Plaintiffs are unable to show that their harm is irreparable." *Mendez v. Banks*, No. 22 Civ. 8397, 2022 WL 6807537, at *1 (S.D.N.Y. Oct. 11, 2022), *aff'd*, 65 F.4th 56. As in other cases decided in this District where "Plaintiffs have failed to allege that the delay in disbursing funds will affect the students' educational placements in any way," *id.*, the Court holds that a preliminary injunction should not issue here. *See, e.g.*, *Ogunleye*, 2025 WL 1078301, at *2 (declining to issue a preliminary injunction against the DOE and its Chancellor after noting that "[a]bsent a showing that the students are at risk of losing their . . . placements, money damages can provide an adequate remedy in the underlying suit"); *Abrams v. Carranza*, No. 20 Civ. 5085, 2020 WL 4504685, at *1 (S.D.N.Y. Aug. 5, 2020) ("While the parties apparently have certain disputes over payment . . . such a dispute does not implicate irreparable harm, at least where, as here, there is no imminent threat to the educational services themselves.").

Because Plaintiff fails to demonstrate irreparable harm, the Court need not reach the parties' additional arguments to decide this motion. The absence of irreparable harm is fatal to the motion; Plaintiff's motions for a TRO and preliminary injunction are therefore **DENIED**.

The Clerk of Court is respectfully requested to terminate ECF Nos. 8 and 12.

SO ORDERED.

Dated: October 22, 2025

      New York, New York

                                               DALE E. HO
                                     United States District Judge